REQUESTED BY: Senator Karen Kilgarin Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Kilgarin:
This is in response to your letter of 15 September 1982 in which you note our response of 1 September 1982 to three questions you asked of us in connection with admissions standards at the University of Nebraska. One of those three questions was whether the Legislature could constitutionally amend Neb.Rev.Stat. § 85-112 (Reissue 1981) to provide a specific admissions policy in `light of Article VII, section10, of the Constitution of Nebraska and the Supreme Court's interpretation of the Article viz-a-viz legislative authority in Board of Regents v. Exon (199 Neb. 146) and Boardof Regents v. Lancaster County (154 Neb. 398)?' In connection therewith you also inquired if the second sentence of section 1 of Article VII of the Constitution of Nebraska had any `bearing on this matter?'
In response to the above stated questions we advised you on 1 September 1982 that our opinion was not entirely free of doubt but it would appear the Legislature could constitutionally amend Neb.Rev.Stat. § 85-112 (Reissue 1981) to provide a specific admissions policy. At that time we also advised you whether the second sentence in section 1 of ArticleVII of the Constitution of Nebraska would have any bearing thereon would have to be determined in light of any such amendment. In your letter of 15 September 1982 you (1) request a discussion of our `doubt' and (2) offer a proposed amendment to Neb.Rev.Stat. § 85-112 (Reissue 1981). The same are hereinafter discussed.
(1) Reasons for Doubt
The cases of Board of Regents v. Exon, supra, andBoard of Regents v. Lancaster County, supra, are helpful in analyzing the questions you propounded but are not, strictly speaking, squarely on point.
Nor are we aware of any cases which are squarely on point. Hence, we advised you on 1 September 1982 that our opinion was not entirely free of `doubt' but it would appear that the Legislature could constitutionally amend Neb.Rev.Stat. 85-112
(Reissue 1981) to provide a specific admissions policy.
(2) Proposed Amendment
In your letter of 15 September 1982 you ask us to presume an amendment to Neb.Rev.Stat. § 85-112 (Reissue 1981) which would delete the first sentence therein and would substitute the word `shall' for `may' in the second sentence. Hence, under your proposal, this statute would be amended to read as follows:
 Applicants completing requirements in schools accredited by the university shall be admitted without examination. Applicants for advanced standing may be admitted under rules prescribed in the discretion of the board.
You also state that the above proposal is but an approximate, but your basic idea is to remove from Neb.Rev.Stat. 85-112
(Reissue 1981) the apparent grant of authority to the Board of Regents to prescribe whatever admissions criteria it wishes.
At the outset it must be noted that under the Enabling Act of Congress and the Constitution of 1867 the Legislature had the duty to establish a state university and to provide for it a proper and adequate government. In referring to that duty, the court in the case of Regents v. McConnell,5 Neb. 423 (1877), stated:
 Under both the enabling act of Congress, and the constitution of the state 1867, it was the duty of the legislature to establish a state university, and provide for it a policy, proper and adequate for the government of such an institution.
Id. at 426.
In 1875 the people amended the Constitution and directed that the general government of the University was to be vested in the Board of Regents. Hence, the obligation of the Legislature to establish a state university and provide for it a `polity, proper and adequate' for its government continued to exist, but by the Constitution of 1875 the people provided that the governing power for the University must be vested in the Board of Regents, and, under those conditions imposed by both the Enabling Act of Congress and the Constitution, the people authorized the Legislature to participate in providing, by law, powers and duties for the Board of Regents. `Thus, although the Legislature may add to or subtract from the powers and duties of the Regents, the general government of the University must remain vested in the Board of Regents and powers or duties that should remain in the Regents cannot be delegated to other officers or agencies.' Board of Regents v. Exon, supra,199 Neb. at 149. In other words, the Legislature can add to the powers and duties of the Board of Regents and it can take away powers and duties provided it leaves the Board of Regents with `a polity, proper and adequate' for the government of the University.
Applying the above principles to your proposed amendment to Neb.Rev.Stat. § 85-112 (Reissue 1981), it appears to us that the Legislature may provide for the education of persons who are not between the ages of five and twenty-one years in certain educational institutions other than the University (provided such educational institutions are owned and controlled by the state or a political subdivision thereof), but the Legislature must leave the Board of Regents with `a polity, proper and adequate' for the government of the University. Thus, the ultimate question is whether your proposed amendment is constitutional. We think not. First, there is a question as to the meaning of the phrase `schools accredited by the university' in the proposed amendment. Second, the proposed amendment appears to eliminate all discretion and authority on the part of the Board of Regents with respect to admissions. Consequently, the proposed amendment would not leave the Board of Regents with `a polity, proper and adequate' for the government of the University. Thus, we are of the opinion that a court would find your proposed amendment to be unconstitutional.
Very truly yours, PAUL L. DOUGLAS Attorney General Harold Mosher Assistant Attorney General